## Appeal of American Legion Post No. 73

*H. F. Bonno*, for appellant.
*Spencer Hill*, for appellee.

FORTNEY, P. J., March 11, 1946.—Lincoln Post No. 73, American Legion, situate in the Borough of Shamokin, Northumberland County, Pa., is now, and has been for many years, the holder of a club malt beverage

license issued by the Pennsylvania Liquor Control Board. This organization, on May 8, 1945, filed its application with the board for a club liquor license. On May 31, 1945, the post was notified by the Pennsylvania Liquor Control Board that the objection to issuing a club liquor license was that the quota of licenses in this municipality, as determined by the Liquor License Quota Act of June 24, 1939, P. L. 806, was exceeded; and at the same time fixed a time for hearing before the board to enable the applicant to refute the objections to the issuance of the club liquor license.

A hearing before the board followed, and on June 27, 1945, the board refused to issue a club liquor license, assigning as its reason therefor that the Act of June 24, 1939, P. L. 806, commonly known as the "Quota Law", prevented the issuing of this license, for the reason that the quota was exceeded.

The matter now comes before this court on an appeal taken by the applicant, Lincoln Post No. 73, American Legion.

We are called upon to interpret the Act of June 24, 1939, P. L. 806, as it relates to the issuance of licenses to clubs. The relevant part of the act is as follows:

"Section 2. No licenses shall hereafter be granted by the Pennsylvania Liquor Control Board for the retail sale of malt or brewed beverages, or the retail sale of liquor and malt or brewed beverages, in excess of one of such licenses, of any class, for each one thousand inhabitants or fraction thereof, in any municipality, exclusive of licenses granted to hotels, as defined in this act, and clubs; but at least one such license may be granted in each municipality, except in municipalities where the electors have voted against the granting of any retail licenses. Nothing contained in this section shall be construed as denying the right to the Pennsylvania Liquor Control Board to renew or to transfer

existing retail licenses of any class, notwithstanding that the number of such licensed places in a municipality shall exceed the limitation hereinbefore prescribed; but where such number exceeds the limitation prescribed by this act, no new license, except for hotels as defined in this act, shall be granted so long as said limitation is exceeded."

In the Statutory Construction Act of May 28, 1937, P. L. 1019, there are two fundamental principles:

1. The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature. Every law shall be construed, if possible, to give effect to all its provisions.

2. When the words of the law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

The Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, sec. 403, provides:

". . . the board shall, in the case of a hotel or restaurant, grant and issue to the applicant a liquor license, and in the case of a club, may, in its discretion, issue a license: . . ."

The Beverage License Law of June 16, 1937, P. L. 1827, sec. 6(a), provides, in part, as follows:

". . . upon being satisfied of the truth of the statements in the application . . . that the applicant seeks a license for a reputable hotel, eating place or club, . . . the board shall, in the case of a hotel or eating place, grant and issue, and, in the case of a club, may, in its absolute discretion, grant and issue, to the applicant a retail dispenser's license."

We at once observe that it was mandatory upon the board to grant any number of hotel and restaurant liquor licenses, so long as they complied with the requirements of the act, and therefore their numbers increased in such proportions as to become a social menace, and, in order to remedy this situation, the legislature enacted the Liquor License Quota Act of

June 24, 1939, P. L. 806. The main purpose of this act was to limit the number of licenses to be issued thereafter by the Liquor Control Board for the retail sale of malt or brewed beverages, or the retail sale of liquor and malt or brewed beverages, to one license for each 1,000 inhabitants or fraction thereof; but it authorized one license for every municipality even though there are not 1,000 inhabitants in it. It is clearly a restrictive measure applying to all licenses not issued by June 24, 1939, for the only exception to its scope and effect is the provision that ". . . nothing contained in this section shall be construed as denying the right to the Pennsylvania Liquor Control Board to renew or to transfer existing retail licenses of any class, notwithstanding that the number of such licensed places in a municipality shall exceed the limitation hereinbefore prescribed; but where such number exceeds the limitation prescribed by this act, no new license, except for hotel, as defined in this act, shall be granted so long as said limitation is exceeded."

The only reasons assigned by the board for its refusal to issue a club liquor license were:

1. That the Act of June 24, 1939, P. L. 806, provides for a quota of 19 retail licenses for the sale of liquor and malt beverages in Shamokin, Northumberland County, and there are at the present time 54 such licenses in effect which are of the type counted against the said quota; accordingly the quota of retail licenses of said municipality is exceeded.

2. Shamokin, Northumberland County, is amply provided with licensed places.

Under the Act of June 16, 1937, P. L. 1762, the hearing in the quarter sessions on appeal is de novo and the court may sustain the appeal or refuse the appeal for different reasons from those given by the board or for reasons additional to those stated by the board. See Spankard's Liquor License Case, 138 Pa. Superior Ct. 251.

In this opinion we do not propose to decide whether clubs are within the quota law, . . . our decision is limited to the question of whether or not an exchange of a license is a "new" license within the statute.

In our determination of this question, we must attempt to ascertain the intention of the legislature and construe the law to give effect to all of its provisions. It was said in the appeal of Harrisburg Country Club, decided in Dauphin County to no. 104, June sessions, 1945:

"The statute has but one purpose, declared in its title and easily distinguishable throughout its provisions . . . namely, to limit the number of retail licenses issued. Thus, it fixed the ratio of licenses to population which is to be maintained but makes no attempt to regulate the class of licenses within that ratio. Rather, it specifies that they may be 'of any class'. It follows that once a quota has been exceeded, the prohibition regarding 'new' licenses is not against the issuance of a different class of license to be substituted for one already in effect, but against the granting of an additional license which would increase the number already in effect".

We do not believe that when the legislature says that where the number of licenses issued exceeds the limitation no "new" license shall be granted, it contemplated by the word "new" a transfer or an exchange, and we therefore conclude the approval of the appellant's application would not be equivalent to issuing a new license.

### Order

And now, March 11, 1946, the appeal is sustained and the Pennsylvania Liquor Control Board is hereby directed to issue to Lincoln Post No. 73, American Legion, a club liquor license, upon surrender by the post of its club malt beverage license now in its possession.